380     BAUMAN *et al. v.* BOWLES.     [Sépt. T.,

Syllabus.   Opinion of the Court.

### FREDERICK BAUMAN *et al.*

*v.*

### JONATHAN C. BOWLES.

1. FRAUD—*privity of contract not necessary to give the remedy.* In an action on the case against two, for fraud practiced by the defendants in selling to the plaintiff certain shares of stock in a pretended company, which had no existence, it was held not essential to a recovery that there should be a privity of contract between the plaintiff and both the defendants; but it was sufficient if one of them made fraudulent representations, as in signing the fraudulent certificates of stock which were sold, and thereby enabled his co-defendant to defraud the plaintiff in the sale of such certificates.

2. ERROR WILL NOT ALWAYS REVERSE—*admitting incompetent evidence.* The admission of irrelevant testimony on the trial of a cause will not, of itself, be sufficient ground for reversing the judgment, when no injury resulted thereby to the party complaining of the error.

APPEAL from the Circuit Court of Cook county; the Hon. E. S. WILLIAMS, Judge, presiding.

This was an action on the case, brought in the court below, by Bowles, against Bauman and Ellsworth. A trial resulted in a verdict and judgment for the plaintiff, from which the defendants appealed.

Messrs. HOYNE, HORTON & HOYNE, for the appellants.

Messrs. STORRS & WILSON, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action on the case, brought by Bowles, against Bauman and Ellsworth, for fraud practiced by the latter upon the former in the sale to him, for $1,000, of sixty shares of alleged stock in a company represented by them to be in existence under the name of the "American Steam Generator

Company." Bowles received for his money a handsomely engraved certificate, headed, " Stock capital, $4,000,000," certifying that he was " entitled to sixty shares of the capital stock of the American Steam Generator Company," and signed by Bauman as president, and Ellsworth as secretary. There was, in fact, no such company or corporation in existence. There was an endorsement, signed by Bauman, on the certificate, to the effect that the owner of the certificate was entitled to a specified fractional share of the patent for the " Steam Generator," and whenever the company should be permanently organized would be entitled to stock in proportion to his interest.

It is urged that the money was not paid by the plaintiff for sixty shares of stock, but for a certain interest in the patent. But the jury have found otherwise, and, we think, rightly. The engraved certificate, given to the plaintiff for his money, purported to be a certificate for sixty shares of stock. It was duly signed by the self-styled president and secretary, and there is no doubt he supposed he was purchasing such stock.

It is further urged, the evidence shows no participation on the part of Ellsworth, either in the sale or fraud. The sufficient answer is, that he signed these false certificates as secretary, and by such means lent himself to the perpetration of the fraud. His signature shows that he co-operated with Bauman in making and issuing these fraudulent certificates, and he must be held responsible to persons injured by his wrongful act. In actions of this character it is not necessary to show any privity of contract between the plaintiff and Ellsworth. It is sufficient if the latter has been guilty of fraudulent representations made to enable Bauman to deceive the public, and Bauman has thereby been assisted in defrauding the plaintiff. 1 Hilliard on Torts, 8, note; *Weatherford* v. *Fishback,* 3 Scam. 174; *Gerhard* v. *Bates,* 20 Eng. Law & Eq. 129; *Langridge* v. *Levy,* 2 M. & W. 519.

It is further urged, that incompetent evidence was admitted as to the worthlessness of the alleged patent. The evidence

was irrelevant, and, therefore, improper, but we are not disposed to reverse the judgment on that ground alone, as we can not see that this evidence can have wrought the defendant any possible harm.

It is also urged, that the plaintiff would not have been deceived if he had acted with ordinary prudence and caution. This point was submitted to the jury in several instructions given for the defendants, and we are not dissatisfied with their finding.

The judgment of the court below must be affirmed.

*Judgment affirmed.*